United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Joseph A Gambone
Gabrielle E. Gambone
    Debtors

Case No. 10-18373-jkf
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: PaulP     Page 1 of 2     Date Rcvd: Mar 24, 2017
                      Form ID: 3180W     Total Noticed: 11

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 26, 2017.
db/jdb         +Joseph A Gambone,    Gabrielle E. Gambone,    808 Hamlet Circle,    King Of Prussia, PA 19406-1752
12183483        CitiMortgage, Inc.,    PO Box 688971,   Des Moines, IA 50368-8971
12255673        ECMC,    PO Box 16408,    St. Paul, MN 55116-0408
13789612       +MidFirst Bank,    999 NW Grand Blvd., Suite 100,    Oklahoma City, OK 73118-6051
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Mar 25 2017 02:12:57      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 25 2017 02:11:51
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 25 2017 02:12:30      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
12184459        EDI: HNDA.COM Mar 25 2017 01:58:00      American Honda Finance Corporation,    P.O. Box 168088,
                 Irving, TX 75016-8088
12210447       +EDI: GMACFS.COM Mar 25 2017 01:58:00      Ally Financial Inc. f/k/a GMAC Inc.,    PO Box 130424,
                 Roseville, MN 55113-0004
12264262        EDI: AIS.COM Mar 25 2017 01:58:00      American Infosource Lp As Agent for Wfnnb,
                 As Assignee of,   New York & Co,    PO Box 248872,   Oklahoma City, OK  73124-8872
12275079        EDI: PRA.COM Mar 25 2017 01:58:00      Portfolio Recovery Associates, LLC.,    P.O. Box 41067,
                 Norfolk, VA 23541
                                                                                              TOTAL: 7

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 26, 2017                                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 24, 2017 at the address(es) listed below:
          BRIAN E. CAINE    on behalf of Defendant    American Honda Financial Services dba Acura Financial
           Services dlemanowicz@deilylawfirm.com,    BKcourtnotices@parkermccay.com
          BRIAN JOSEPH SMITH    on behalf of Plaintiff Gabrielle E. Gambone bsmith@lawbjs.com,
           josephdiorioesq@gmail.com;bjsmithesqecf1@gmail.com
          BRIAN JOSEPH SMITH    on behalf of Joint Debtor Gabrielle E. Gambone bsmith@lawbjs.com,
           josephdiorioesq@gmail.com;bjsmithesqecf1@gmail.com
          BRIAN JOSEPH SMITH    on behalf of Plaintiff Joseph A Gambone bsmith@lawbjs.com,
           josephdiorioesq@gmail.com;bjsmithesqecf1@gmail.com
          BRIAN JOSEPH SMITH    on behalf of Debtor Joseph A Gambone bsmith@lawbjs.com,
           josephdiorioesq@gmail.com;bjsmithesqecf1@gmail.com
          D. TROY SELLARS    on behalf of Defendant    CitiMortgage Inc paeb@fedphe.com
          DAVID H. LIPOW    on behalf of Creditor    CitiMortgage, Inc. bkecf@milsteadlaw.com,
           dlipow@milsteadlaw.com
          JILL  MANUEL-COUGHLIN    on behalf of Creditor    CitiMortgage, Inc. jill@pkallc.com,
           chris.amann@pkallc.com;nick.bracey@pkallc.com;samantha.gonzalez@pkallc.com;harry.reese@pkallc.com
          JOSEPH A. DIORIO    on behalf of Debtor Joseph A Gambone josephdiorioesq@gmail.com,
           bjsmithesqecf1@gmail.com;bsmith@lawbjs.com
          JOSEPH A. DIORIO    on behalf of Joint Debtor Gabrielle E. Gambone josephdiorioesq@gmail.com,
           bjsmithesqecf1@gmail.com;bsmith@lawbjs.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
```

```
District/off: 0313-2          User: PaulP              Page 2 of 2           Date Rcvd: Mar 24, 2017
                              Form ID: 3180W           Total Noticed: 11
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
         JOSHUA ISAAC GOLDMAN    on behalf of Creditor    CitiMortgage, Inc. bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
         MATTHEW CHRISTIAN WALDT    on behalf of Creditor    CitiMortgage, Inc. mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
         MEREDITH HANTSKE WOOTERS    on behalf of Creditor    CitiMortgage, Inc. paeb@fedphe.com
         PETER J. MULCAHY    on behalf of Creditor    CitiMortgage, Inc. paeb@fedphe.com
         PETER J. MULCAHY    on behalf of Defendant    CitiMortgage Inc paeb@fedphe.com
         THOMAS I. PULEO    on behalf of Creditor    MIDFIRST BANK tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com, philaecf@gmail.com
         WILLIAM C. MILLER    ecfemails@ph13trustee.com, philaecf@gmail.com

         TOTAL: 20

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Joseph A Gambone** | Social Security number or ITIN   **xxx–xx–0506** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Gabrielle E. Gambone** | Social Security number or ITIN   **xxx–xx–7276** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Eastern District of Pennsylvania**

Case number:   **10–18373–jkf**

# Order of Discharge    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Joseph A Gambone                        Gabrielle E. Gambone

<u>3/24/17</u>        **By the court:**    <u>Jean K. FitzSimon</u>
                                  United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**